IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNEMARIE O. individually and on behalf of A.P. a minor,<br><br>                Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, CIGNA HEALTH AND LIFE INSURANCE COMPANY, and the UTC CHOICE MEDICAL PLAN<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION<br><br><br>Case No. 1:20-CV-164 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Motions to Dismiss Plaintiffs' Second Cause of Action filed by United Healthcare Insurance Company, Cigna Health and Life Insurance Company, and the UTC Choice Medical Plan (the "Plan") (collectively, "Defendants"). Defendants seek dismissal of Plaintiffs' claim for a violation of the Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act"). For the following reasons, the Court will deny the Motion.

## I.     BACKGROUND

In their Complaint, Plaintiffs Annemarie O. and A.P. challenge Defendants' denial of insurance benefits for medical care and treatment A.P. received from 2017 to 2019. Annemarie is A.P.'s mother and is a participant in the Plan and A.P. is a beneficiary of the Plan.[1] A.P. received medical care and treatment at View Point Center ("View Point") from October 27, 2017, to December 10, 2017, and Change Academy Lake of the Ozarks ("CALO") from December 11,

---

[1] Docket No. 2 ¶¶ 1, 4.

2017, to May 20, 2019.[2] Defendants denied claims for payment of A.P.'s medical expenses in connection with her treatment at View Point and CALO.[3] After their unsuccessful appeals, Plaintiffs submitted their Complaint against Defendants, claiming violations of the Employment Retirement Income Security Act of 1974 and the Parity Act. In response, Defendants filed these Motions to dismiss the Parity Act claim for failure to state a claim.

## II.     STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[4] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8] As the Court in *Iqbal* stated,

---

[2] *Id.* ¶ 5.

[3] *Id.* ¶¶ 6–7.

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[9]

## III.    ANALYSIS

"Congress enacted the [Parity Act] to end discrimination in the provision of insurance coverage for mental health and substance use disorders as compared to coverage for medical and surgical conditions in employer-sponsored group health plans."[10] In relevant part, the Parity Act states,

In the case of a group health plan . . . that provides both medical and surgical benefits and mental health or substance use disorder benefits, such plan or coverage shall ensure that . . . the treatment limitations applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits.[11]

"[T]here is no clear law on how to state a claim for a Parity Act violation," so "district courts have continued to apply their own pleading standards."[12] Notably, "[c]ourts in this jurisdiction favor permitting Parity Act claims to proceed to discovery to obtain evidence regarding a properly pleaded coverage disparity."[13]

---

[9] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[10] *Michael D. v. Anthem Health Plans of Ky., Inc.*, 369 F. Supp. 3d 1159, 1174 (D. Utah 2019) (quoting *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 356 (2d Cir. 2016)).

[11] 29 U.S.C. § 1185a(a)(3)(A)(ii).

[12] *Michael W. v. United Behavioral Health*, 420 F. Supp. 3d 1207, 1234 (D. Utah 2019).

[13] *Id.* at 1235.

A Parity Act claim can be brought as either a facial challenge or an as-applied challenge.[14] In other words, the disparities in treatment limitations may be found in the language of the plan or in application of the plan. Plaintiffs bring an as-applied challenge. The Court will apply the following standard: Plaintiffs must "(1) identify a specific treatment limitation on mental health benefits, (2) identify medical/surgical care covered by the plan that is analogous to the mental health/substance abuse care for which [Plaintiffs] seek benefits, and (3) plausibly allege a disparity between the treatment limitation on mental health/substance abuse benefits as compared to the limitations that [Defendants] would apply to the covered medical/surgical analog."[15]

### A. Treatment Limitation

First, Plaintiffs must identify a specific treatment limitation on mental health or substance abuse benefits. According to the relevant regulation, "[t]reatment limitations include both quantitative treatment limitations, which are expressed numerically (such as 50 outpatient visits per year), and nonquantitative treatment limitations, which otherwise limit the scope or duration of benefits for treatment under a plan or coverage."[16] Treatment limitations can also be facial

---

[14] *See William D. v. United Healthcare Ins. Co.*, No. 2:19-cv-00590-DBB-JCB, 2020 WL 4747765, at *3 (D. Utah Aug. 17, 2020); *Johnathan Z. v. Oxford Health Plans*, No. 2:18-cv-383-JNP-PMW, 2020 WL 607896, at *14 (D. Utah Feb. 7, 2020); *Michael W.*, 420 F. Supp. 3d at 1235.

[15] *Heather E. v. Cal. Physicians' Servs.*, No. 2:19-cv-415-CW, 2020 WL 4365500, at *3 (D. Utah July 30, 2020) (quoting *Nancy S. v. Anthem Blue Cross & Blue Shield*, No. 2:19-cv-231-JNP-DAO, 2020 WL 2736023, at *3 (D. Utah May 26, 2020)); *James C. v. Anthem Blue Cross & Blue Shield*, No. 2:19-cv-38-CW, 2020 WL 3452633, at *2 (D. Utah June 24, 2020) (quoting *Nancy S.*, 2020 WL 2736023, at *3); *David P. v. United Healthcare Ins. Co.*, No. 2:19-cv-00225-JNP-PMW, 2020 WL 607620, at *15 (D. Utah Feb. 7, 2020); *Johnathan Z.*, 2020 WL 607896, at *13–14 (applying the three-part test in a facial and as-applied context).

[16] 29 C.F.R. § 2590.712(a).

limitations, arising from the written plan or processes, or as-applied limitations, arising from the application of the plan.[17]

Plaintiffs allege that the claim reviewers "utilized acute medical necessity criteria" as a limitation on A.P.'s treatment at View Point and CALO.[18] Plaintiffs support this allegation with language from Defendants that they denied coverage because A.P. was not at risk for harm to herself or others and "presented no acute behavioral management challenges."[19] This Court has repeatedly found that an allegation that the insurance plan applied acute medical necessity requirements to the relevant mental health treatment is a sufficient factual allegation for a treatment limitation.[20] Thus, Plaintiffs sufficiently allege the first element of the claim.

B. Analogous Medical/Surgical Care

Second, Plaintiffs must identify medical/surgical care covered by the plan that is analogous to the mental health/substance abuse care for which they seek benefits. Plaintiffs identified subacute inpatient care such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities as medical/surgical analogues to the treatment A.P. received at View Point and CALO.

This Court has explained that "the question of what medical/surgical care is analogous to the type of mental health/substance abuse care for which Plaintiffs sought benefits—residential inpatient treatment—is not up for debate."[21] Indeed, "[t]he Final Rules under the Parity Act

---

[17] *See id.* § 2590.712(c)(4)(iii); *Johnathan Z.*, 2020 WL 607896, at *13.

[18] Docket No. 2 ¶ 75.

[19] *Id.*

[20] *Heather E.*, 2020 WL 4365500, at *3; *David P.*, 2020 WL 607620, at *19; *Johnathan Z.*, 2020 WL 607896, at *18; *Kurt W. v. United Healthcare Ins. Co.*, No. 2:19-cv-223-CW, 2019 WL 6790823, at *6 (D. Utah Dec. 12, 2019).

[21] *David P.*, 2020 WL 607620, at *17.

states . . . that '[b]ehavioral health intermediate services are generally categorized in a similar fashion as analogous medical services; for example, residential treatment tends to be categorized in the same way as skilled nursing facility care in the inpatient classification.'"[22] Thus, on motions to dismiss this Court has consistently determined that analogizing mental health residential treatment centers to medical/surgical inpatient hospice and rehabilitation facilities is sufficient to state a Parity Act claim.[23] Therefore, Plaintiffs sufficiently allege the second element of their claim.

### C. Disparity Between Treatment Limitations

Third, Plaintiffs must plausibly allege a disparity between the treatment limitation on mental health/substance abuse benefits as compared to the limitations that Defendants would apply to the covered medical/surgical analogues. Plaintiffs allege that Defendants do not "exclude or restrict coverage of medical/surgical conditions in the manner that they excluded coverage of treatment for A. at View Point and CALO."[24] Plaintiffs further allege that the "Plan does not require individuals receiving treatment at sub-acute inpatient facilities for medical/surgical conditions to satisfy acute medical necessity criteria in order to receive Plan benefits."[25] Plaintiffs go on to allege that

> [w]hen United and Cigna receive claims for intermediate level treatment of medical and surgical conditions, they provide benefits and pay the claims as outlined in the

---

[22] *Id.* (quoting Final Rules Under the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008; Technical Amendment to External Review for Multi-State Plan Program, 78 Fed. Reg. 68, 247 (Nov. 13, 2013)).

[23] *Id.*; *Johnathan Z.*, 2020 WL 607896, at *15; *K.K. v. United Behavioral Health*, No. 2:17-cv-01328-DAK, 2020 WL 262980, at *4 (D. Utah Jan. 17, 2020); *K.H.B. ex rel. Kristopher D.B. v. UnitedHealthcare Ins. Co.*, No. 2:18-CV-00795-DN, 2019 WL 4736801, at *5 (D. Utah Sept. 27, 2019); *Timothy D. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-753-DAK, 2019 WL 2493449, at *4 (D. Utah June 14, 2019); *Michael W.*, 420 F. Supp. 3d at 1236.

[24] Docket No. 2 ¶ 74.

[25] *Id.* ¶ 75.

terms of the Plan based on generally accepted standards of medical practice. United and Cigna evaluated A.'s mental health claims using medical necessity criteria that deviate from generally accepted standards of medical practice. This process resulted in a disparity because the Plan denied coverage for mental health benefits when the analogous levels of medical or surgical benefits would have been paid.[26]

Plaintiffs do not provide specific, detailed allegations about the standards Defendants apply to the medical/surgical analogues, but "a plaintiff need only plead as much of her prima facie case as possible based on the information in her possession."[27] More detailed information about the criteria for the medical/surgical analogues is not currently in Plaintiffs' possession.[28] Importantly, this Court has consistently held that an allegation like Plaintiffs'—that a defendant insurance company applied acute medical necessity criteria to the subacute inpatient mental health treatment but does not apply the acute standard to the subacute inpatient medical/surgical analogues—is sufficient to state a claim.[29] Thus, Plaintiffs' allegations satisfy the third element of the claim.

## IV.    CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss Plaintiffs' Second Cause of Action (Docket No. 12 and 17) are DENIED.

---

[26] *Id.* ¶ 79

[27] *Timothy D.*, 2019 WL 2493449, at *3 (quoting *Melissa P. v. Aetna Life Ins. Co.*, 2:18-cv-216-RJS-EJF, 2018 WL 6788521, at *2 (D. Utah Dec. 26, 2018)).

[28] *See Melissa P.*, 2018 WL 6788521, at *3 (recognizing that a plaintiff would not be able to allege more specific details about the standards applied to the medical/surgical analogues unless the plaintiff "had personal experience with both standards").

[29] *Theo M. v. Beacon Health Options*, No. 2:19-cv-364-JNP, 2020 WL 5500529, at *6 (D. Utah Sept. 11, 2020); *Heather E.*, 2020 WL 4365500, at *3; *Denise M. v. Cigna Health*, No. 2:19-CV-975-DAK, 2020 WL 3317994, at *2 (D. Utah June 18, 2020); *M.S. v. Premera Blue Cross*, No. 2:19-cv-199-RJS, 2020 WL 1692820, at *5 (D. Utah Apr. 7, 2020); *David P.*, 2020 WL 607620, at *19; *Michael W.*, 420 F. Supp. 3d at 1237.

DATED June 21, 2021.

BY THE COURT:

_____
TED STEWART
United States District Judge